UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SAUCEDA HENRIQUEZ et al,

   Plaintiffs,

     v.

MULLIN et al,

   Defendants.

**<u>MEMORANDUM AND ORDER</u>**
26-cv-02886

---

LaSHANN DeARCY HALL, United States District Judge:

On May 14, 2026, Ingrid Paola Sauceda Henriquez, as well as A.C.S. and P.S.H., minors

by and through their mother, Ingrid Paola Sauceda Henriquez (together, "Plaintiffs"), filed a

motion for temporary restraining order and preliminary injunction ("Mot.", ECF No. 1) pursuant

to the Administrative Procedure Act ("APA"); the Fifth Amendment's Due Process Clause, U.S.

Const. amend. V; the Trafficking Victims Protection Reauthorization Act ("TVPRA"); and

federal regulations, including 8 C.F.R. §§ 214.204 and 1214.2, seeking an order enjoining

Defendants from removing Plaintiffs from the United States, pending adjudication of Plaintiff

Sauceda Henriquez's Application for T Nonimmigrant Status.  (Complaint ("Compl.), ECF No.1.

¶¶ 4-5, Prayer for Relief ).

<b>BACKGROUND[1]</b>

On December 20, 2025, Plaintiffs filed a petition for writ of habeas corpus ("Petition" or

---

[1] In outlining the relevant facts to this Order, the Court relies on the Complaint and Motion, Respondent
Mullin, Lyons, Edlow, and Genalo (together, "Defendants") memorandum in opposition to the Motion,
and evidence submitted by the parties, including, to the extent they are uncontested, declaration submitted
by Plaintiffs and Defendants.  The facts recited here are undisputed unless otherwise noted.

1

"Habeas Petition") before this Court pursuant to 28 U.S.C. § 2241; the All Writs Act (the "AWA"), 28 U.S.C. § 1651; the Immigration and Nationality Act (the "INA"); the Administrative Procedures Act (the "APA"); and the Suspension Clause of the United States Constitution, U.S. Const. art. I § 9. *Sauceda Henriquez v. Noem* ("*Sauceda I*"), No. 25-CV-07023-LDH, 2026 WL 11166 (E.D.N.Y. Jan. 15, 2026). The Court assumes the parties' familiarity with the facts in *Sauceda I* and incorporates them by reference here.

On January 15, 2026, the Court denied Plaintiffs' Habeas Petition for lack of jurisdiction pursuant to 8 U.S.C §1252(g) and stayed removal of Plaintiffs from the United States for two weeks to enable Plaintiffs to file an appeal of the Court's decision. *Sauceda I* at 7, 9. At some point thereafter, Plaintiffs were released by Immigration and Customs Enforcement ("ICE") pursuant to the Flores Settlement Agreement which favors the release of minors in cases where detention is not needed to secure the minor's timely appearance before an immigration court or to ensure the safety of the minor. (Compl. ¶30 n.1). On January 28, 2026, Plaintiffs appealed the denial of their Petition to the United States Court of Appeals for the Second Circuit. (Compl. ¶ 31). Separately, on February 13, 2026, the Board of Immigration Appeals (BIA) denied Plaintiffs' Motion to Reopen removal proceedings and denied Plaintiffs' Motion for Stay of removal as moot. (Compl. ¶ 35). On March 04, 2026, Plaintiffs filed a Petition for Review at the Second Circuit Court of Appeals to appeal the BIA decision. Both the appeal of the Habeas Petition and the BIA decision remain pending before the Second Circuit. (Compl. ¶¶ 30, 35-36). In connection with both appeals, Plaintiffs moved before the Court of Appeals to stay their removal from the United States. *Sauceda I* (ECF No. 18, Order of USCA). On April 08, 2026, the Second Circuit denied the motion to stay removal. *Id.*

Following the proceedings in *Sauceda I*, Plaintiffs were notified by ICE that they must depart the United States by May 14, 2026 and were required to purchase and present airline departure tickets for that date. (Compl. ¶ 32). Plaintiffs filed the present motion for temporary restraining order and injunctive relief on May 14, 2026 to challenge their imminent removal and seek, in part, an order enjoining Defendants from removing Plaintiffs from the United States. (Compl. ¶ 5). On May 14, 2026, Plaintiffs' request for a temporary restraining order was granted so that the Court may consider the claims raised in the complaint and motion for injunctive relief.

## STANDARD OF REVIEW

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)*. To obtain a preliminary injunction, a moving party must meet four requirements: (1) a likelihood of success on the merits, (2) a likelihood that it will suffer irreparable harm if a preliminary injunction is not granted, (3) that the balance of hardships tips in its favor, and (4) that the public interest is not disserved by relief. *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015) (citing *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010)).

## DISCUSSION

Plaintiffs seek, by their complaint, the following relief: (1) an order prohibiting Plaintiffs removal from the United States pending USCIS' adjudication of the T nonimmigrant status application filed by Plaintiff Ingrid Paola Sauceda Henriquez, (Compl. Prayer for Relief ¶ A); (2) a declaratory judgement that USCIS' failure to make a bona fide determination as to the T visa application within a reasonable time constitutes agency action unlawfully withheld or

unreasonably delayed under 5 U.S.C. § 706(1), (*Id*. ¶ B); (3) an order compelling USCIS to make a bona fide determination as to the T nonimmigrant status application on an expedited basis, (*Id*. at ¶ C); (4) a declaratory judgement that USCIS' termination of Plaintiff A.C.S.'s deferred action was arbitrary, capricious, and not in accordance with law under 5 U.S.C. § 706(2)(A), and a setting aside of said termination, (*Id*. at ¶ D); and (5) a declaratory judgement that Defendants' scheduling of Plaintiffs' removal from the United States on May 14, 2026 while the T nonimmigrant status application is pending violates the APA and the Fifth Amendment, (*Id*. ¶ E). In response, Defendants argue, among other things, that pursuant to 8 U.S.C. §§ 1252(a)(5), (b)(9), and (g), that the Court lacks the necessary jurisdiction to grant the requested relief. (Def.'s Opp'n. at 7-23).  The Court agrees.

Plaintiffs Sauceda Henriquez and A.C.S. are subject to a final removal order pursuant to which they will each be deported from the United States to Honduras.  (Compl. ¶¶ 18, 31). Moreover, under the order, Plaintiffs were directed by ICE to depart the United States on May 14, 2026, and to purchase and present airline departure tickets for that date.  (Compl. ¶ 32). Plaintiffs ask the Court to bar their removal pending USCIS' adjudication of the T nonimmigrant status application filed by Plaintiff Sauceda Henriquez on June 25, 2025.  (Compl. ¶¶ 1, 5).  The Court considered a similar request in connection with *Sauceda I*.  Specifically, in that case, Plaintiffs requested that the Court stay the execution of a removal order and order Plaintiffs' release from detention pending adjudication of the Habeas Petition and Plaintiff Sauceda Henriquez's Application for T Nonimmigrant Status.  *Sauceda I* at 1-2.  That request was denied. *Id*. at 7-8.  In denying the request for a stay, the Court reasoned that federal district courts retain limited subject-matter jurisdiction to review challenges to orders of removals.  *Id*.; *See also* 8 U.S.C. § 1252.  As the Court previously explained, § 1252(g) states, in relevant part, that "no

4

court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen] under this chapter." [2] *See also Troy as Next Friend Zhang v. Barr*, 822 F. App'x 38, 39 (2d Cir. 2020). Moreover, per § 1252(a)(5) and § 1252(b)(9), only the court of appeals can review challenges to final orders of removal. *See* 8 U.S.C. § 1252(a)(5) ("petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal."); § 1252(b)(9) ("[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove a[ ] [noncitizen] from the United States . . . shall be available only in judicial review of a final order."). That Plaintiffs now ask the Court to wholesale bar their removal from the United States pursuant to the removal order does not somehow expand this Court's jurisdiction. (Compl. ¶ 5). The Court still lacks jurisdiction to hear a claim related to Plaintiffs' removal order and does not have the authority to provide the relief Plaintiffs seek. 8 U.S.C. § 1252.

Likewise, Plaintiffs' argument that their removal would be a violation of the Administrative Procedures Act and the Fifth Amendment's Due Process Clause, (Mot. at 10-14), does not vest the Court with jurisdiction otherwise proscribed by statute. This is so even where

---

[2] Plaintiffs attempt to bypass § 1252(g)'s jurisdictional bar by arguing that their claims, predicated on USCIS' failure to adjudicate Plaintiff Sauceda Henriquez T-visa application, are a "collateral legal challenge" to the final removal order since they "challenge the legal authority for removal independent of the removal order itself." (Mot. at 14). The Court is unconvinced by this argument and Plaintiffs' reliance on *Mahdawi v. Trump* is misguided. The court in *Mahdawi* determined that the petitioner's claims "could not possibly arise from the execution of a removal order" and "were independent of, and collateral to, the removal process" in part because a removal order had not been entered against the petitioner and because the petitioner's "detention [did] not arise from the government's commenc[ement] of proceedings[.]" 136 F.4th 443, 450-51 (2d Cir. 2025) (internal quotation marks omitted). That is not the case here.

Plaintiffs make what can fairly be characterized as an *indirect* challenge to a final order of removal. *Delgado v. Quarantillo,* 643 F.3d 52, 55 (2d Cir. 2011) ("Although section 1252(a)(5) would clearly preclude the district court's entertaining of a direct challenge to a removal order, this Court has not previously ruled on whether the district court has jurisdiction over an action . . . . which seeks to . . . indirectly challeng[e] [an] . . . order of removal . . . we hold that section 1252(a)(5)'s jurisdictional bar applies equally to preclude such an indirect challenge.").  Here, Plaintiffs' request that the Court enjoin their removal from the United States, pending USCIS' adjudication of the T nonimmigrant status application, is at its core a challenge to the final order of removal.  As such, the claims set forth are not reviewable by this Court under the plain language of §§ 1252(a)(5) and 1252(b)(9). *Oriakhi v. Dep't of Homeland Sec*., 762 F. Supp. 3d 183, 185-86 (E.D.N.Y. 2025).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion [1] for preliminary injunction is **DENIED**.

SO ORDERED.

Dated: Brooklyn, New York
     June 1, 2026

/s/    **LDH**
LASHANN DEARCY HALL
United States District Judge

6